IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| SYLVIA LAIRD,            )<br>                          )<br>    Plaintiff,         )<br>                          )<br>v.                        )<br>                          )<br>SUNCREST HEALTHCARE, INC.,   )<br>SUNCREST HEALTHCARE OF       )<br>MIDDLE TN, LLC, and SUNCREST )<br>HOME HEALTH OF NASHVILLE, INC., )<br>                          )<br>    Defendants.        ) | Case No. 3:13-cv-00878<br>Judge Campbell<br>Magistrate Judge Bryant |

## ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d), the following, Initial Case Management Plan is adopted.

1. **Jurisdiction:**

The parties agree that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's discrimination claims under the Americans with Disabilities Act and Title VII of the Civil Rights Act which were the subject of Plaintiff's Equal Employment Opportunity Commission Charge. The parties also agree that this Court has jurisdiction over Plaintiff's Tennessee Disability Act and Tennessee Human Rights Act claims, pursuant to 28 U.S.C. § 1367.

2. **Plaintiff's Theory of the Case:**

The Plaintiff has asserted claims of disability and race discrimination, in violation of the Tennessee Disability Act, the Tennessee Human Rights Act, the Americans with Disabilities Act

1

Amendments Act, and Title VII of the Civil Rights Act of 1964.

Plaintiff is an African American female who was diagnosed with a speech impediment or stutter prior to and during her employment with the Defendants. The Plaintiff informed the Defendants at the time of her hire that she did have a speech impediment, but she was able to perform the essential duties of the certified nurse assistant position she was applying for. The Plaintiff worked with supervisors and management who made derogatory comments about the Plaintiff's race and speech impediment. Unfortunately, the harassment and derogatory comments caused Plaintiff's speech condition to worsen. However, Plaintiff maintains she was able to perform all essential functions of her position, despite the aggravation of her medical condition.

Around January 2012, the Plaintiff was terminated and subsequently was allowed to return to work, but as an office assistant, instead of a certified nurse assistant. After returning to work for the Defendants, the Plaintiff was approached by Della Mervin in Human Resources and was told that the company had received several complaints about Plaintiff's speech. The Plaintiff was advised by the Defendants that in order to keep her job, she was required to stop working and seek medical treatment for her condition. The Defendants advised Plaintiff that she would be able to return to work for the company once she received treatment and was released from a doctor's care for this condition.

The Plaintiff complied with the Defendants' request and sought treatment for her speech impediment. She was released to return to work around April, 2012. Plaintiff was originally told the Defendants had a position open for her, but to date she has not been permitted to return to work for the Defendants.

Plaintiff seeks all damages outlined in her Amended Complaint and available under the alleged statutes.

3.  **Defendant's Theory of the Case:**

Plaintiff's employment with Defendant commenced on or about June 24, 2011 as a Certified Nurse Assistant ("CNA"). In August 2011, Plaintiff was transferred to a full-time Staffing Coordinator position. Plaintiff had performance issues, unrelated to her speech, in this role and was offered the opportunity to return to the field as a part-time CNA in January 2012. Instead of accepting this offer, Plaintiff expressed to Human Resources that she wanted to be transferred to another position. Therefore, Plaintiff was moved into a Clerical Assistant position. She continued to exhibit performance issues. In February 2012, Defendant met with Plaintiff to discuss the performance issues, at which time Plaintiff claimed that she was experiencing health issues. Plaintiff and Defendant agreed that Plaintiff could take some time off work to address any medical issues that she was experiencing. Thereafter, Plaintiff did not speak with Defendant regarding returning to work. She was administratively discharged in October 2012 for failing to return to work. Defendant had legitimate non-discriminatory reasons for its employment actions taken in relation to Plaintiff's employment, which Plaintiff cannot prove were pretext for unlawful discrimination. Additionally, Defendant's affirmative defenses, contained in its Answer to Plaintiff's Amended Complaint (Doc. No. 6), are incorporated by reference as though fully set forth herein.

4.  **Identification of the Issues:**

Jurisdiction (as provided in paragraph 1 above) and venue have been resolved. Liability and damages remain disputed.

5.  **Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:**

The parties do not anticipate counter-claims, cross-claims, third-party claims, and joinder of other parties or claims, or class action certification, or the need for resolution of any issues

arising under the above-cited rules.

6. Witnesses, if known, subject to supplementation for each party.

A list of known witnesses will be provided through the parties initial disclosures by **January 6, 2014.**

7. **Initial Disclosures and Staging of Discovery:**

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by **January 6, 2014.** Discovery shall be completed by **June 27, 2014.** Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge.

8. **Dispositive Motions:**

All dispositive motions shall be filed by the close of business on **August 27, 2014,** and any Response thereto shall be filed within 28 days of filing of the dispositive motion or by **September 24, 2014.** Any Reply shall be filed within 14 days of the filing of the Response, or no later than the close of business on **October 8, 2014.** The motion and response memorandums are limited to 25 pages and the reply, if a reply is filed, is limited to 5 pages, absent the Court's permission for longer pleading

9. **Other Deadlines:**

**Expert Witnesses/Evidence:**

By the close of business on **April 28, 2014,** the Plaintiff shall declare to the Defendants (not file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2).

By the close of business on **May 28, 2014,** the Defendants shall declare to the Plaintiff (not file with the Court) the identity of their expert witnesses and provide all the information

specified in Rule 26(a)(2).

Any Rebuttal expert witnesses or reports shall be disclosed by **June 11, 2014.**

Expert witnesses shall be deposed on or before **June 27, 2014.**

10. **Subsequent Case Management Conference:**

A follow up case management conference shall be conducted by telephone on **April 28, 2014 at 9:30 a.m.** Plaintiff's counsel shall initiate the call.

11. **Alternative Dispute Resolution:**

At this time the parties are unsure if the case would benefit from a form of alternative dispute resolution. The parties will evaluate the potential benefit of one of the ADR methods by the close of discovery.

12. **Target Trial Date:**

This will be a jury trial and is expected to last 3-4 days. The parties request a trial date on or after **January 12, 2015.** Target trial date is January 13, 2015.

It is so ORDERED.

ENTERED this the 28th day of October, 2013.

_____
John Bryant
UNITED STATES MAGISTRATE JUDGE
HONORABLE JOHN S. BRYANT

5

APPROVED FOR ENTRY:

s/ Nina Parsley
Nina Parsley (TN Bar No. 023818)
Michael D. Ponce & Associates
1000 Jackson Road, Ste. 225
Goodlettsville, TN 37072
Telephone: (615) 851-1776
Facsimile: (615) 859-7033

*Attorney for Plaintiff*


s/Pamela R. Irons with permission by Nina Parsley
O. John Norris, III (TN Bar No. 017504)
Pamela R. Irons (TN Bar No. 023707)
Jackson Lewis LLP
999 Shady Grove Road, Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
Email: norrisj@jacksonlewis.com
 ironsp@jacksonlewis.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been forwarded by electronic means via the Court's electronic filing system this 11th day of October, 2013.

> O. John Norris, III (TN Bar No. 017504)
> Pamela R. Irons (TN Bar No. 023707)
> Jackson Lewis LLP
> 999 Shady Grove Road, Suite 110
> Memphis, TN 38120
> Telephone: (901) 462-2600
> Facsimile: (901) 462-2626
> Email: norrisj@jacksonlewis.com
>  ironsp@jacksonlewis.com
>
> *Attorneys for Defendant*
>
> s/ Nina Parsley
> Nina Parsley

4830-4320-2582, v. 2